IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02235-BNB

JOSHUA LAFOY CHASTEEN,

      Plaintiff,

v.

JASON BLACK,
MIKE DICKENSON,
CRAIG BYNUM,
KYLE MERRYMAN, and
LISA BRISTOL,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Joshua L. Chasteen, is detained in the Mesa County Detention Facility in Grand Junction, Colorado.  He has filed, *pro se*, an (Amended) Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, asserting deprivations of his constitutional rights.  (ECF No. 8).  Mr. Chasteen has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the (Amended) Complaint liberally because Mr. Chasteen is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Court will order Plaintiff to file a Second Amended Complaint.

The named Defendants in this action are employees of the Mesa County Criminal Justice Services Department, Community Corrections, in Grand Junction. Plaintiff makes the following conclusory allegations in the (Amended) Complaint: (1) "the corporation" has denied him approximately $600.00, to which he is entitled; (2) Defendant Black threatened to physically assault him; (3) Defendants Black and Dickenson "would look under the stalls in the restroom while [he] was using the restroom" (ECF No. 8, at 5); (4) the "Community Corrections Program" refused to allow his mother to come and collect his personal property; (5) Defendant Bristol, his case manager, failed to assign him a program matrix so that he could advance in the community corrections program and also failed to set up necessary counseling sessions for the Plaintiff, which resulted in Plaintiff's regression to jail; (6) "staff" have refused to provide him with grievance forms, in violation of his Fourteenth Amendment due process rights; and (7) Defendant Merryman denied him medical care for his shoulder and threatened to punish him if he exercised his First Amendment free speech rights. Plaintiff further asserts an unspecified violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et seq.* Mr. Chasteen requests monetary relief.

Mr. Chasteen's claim for damages for an alleged denial of due process in his regression from community corrections to jail is barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the

2

issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996) (per curiam).  A prisoner's claim challenging his regression from community corrections to jail is analogous to a claim challenging the revocation of parole or probation.  Mr. Chasteen does not allege that his removal from community corrections has been invalidated. Accordingly, any claim for damages based on a wrongful regression is barred by *Heck*.

Plaintiff's claims against "the corporation" and the "Community Corrections Program" are construed as claims against the Mesa County Criminal Justice Services Department, an entity of Mesa County, Colorado.  To hold a local government entity liable under 42 U.S.C. § 1983, Mr. Chasteen must allege facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Counties are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

To hold the individual Defendants liable under § 1983, Mr. Chasteen must allege facts to show that each Defendant personally participated in a deprivation of his constitutional rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link

3

between the alleged constitutional violation and each defendant's participation, control

or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055

(10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir.

2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link

exists between the unconstitutional acts by their subordinates and their 'adoption of any

plan or policy. . .–express or otherwise–showing their authorization or approval of such

'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor

defendant may not be held liable for the unconstitutional conduct of his subordinates on

a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This

is because "§ 1983 does not recognize a concept of strict supervisor liability; the

defendant's role must be more than one of abstract authority over individuals who

actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162

(10th Cir. 2008).

      Plaintiff's allegations are conclusory and fail to show the deprivation of a right

secured by the Constitution.  For example, verbal threats, without more, do not violate

the Constitution.  *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir.

2001)("being subjected to nothing more than threats and verbal taunts" does not violate

the Constitution). *See also Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979) (per

curiam) (holding that sheriff's laughing at inmate and threat to hang him were insufficient

to state a constitutional violation); *Wingo v. Mullins*, No. 09-5174, 400 F. App'x 344, 347

(10th Cir. Oct. 28, 2010) (unpublished) (allegation that probation officer taunted plaintiff

with a bullet and yelled at him did not state a constitutional violation).

      In addition, there is no independent constitutional right to state administrative

grievance procedures.  *See Boyd v. Werholtz*, No. 10-3284, 443 F. App'x 331, 332 (10th Cir. 2011 (unpublished) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)).  And the state's voluntary provision of an administrative grievance process does not create a liberty interest in that process. *See Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir.2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (per curiam) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest . . . ." (quotation and brackets omitted)).  Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam).

Finally, the Court finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989). The requirements of Fed.R.Civ.P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069 (D.Colo.1991), *aff'd*, 964 F.2d 1022 (10th Cir.1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Chasteen "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir.2007).

Mr. Chasteen's conclusory allegations are insufficient to state an arguable claim for relief under § 1983 or the ADA.  Mr. Chasteen must present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Chasteen must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.  Accordingly, it is

ORDERED that Plaintiff, Joshua Lafoy Chasteen, file **within thirty (30) days from the date of this order,** a Second Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that the Clerk of the Court should mail to Plaintiff at the Mesa County Detention Facility a copy of the court-approved Prisoner Complaint form.

6

It is

FURTHER ORDERED that, if Mr. Chasteen fails to file a (Second) Amended

Complaint that complies with this order within the time allowed, some or all of this action

may be dismissed without further notice.

DATED September 16, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge