IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02235-BNB

JOSHUA LAFOY CHASTEEN,

      Plaintiff,

v.

JASON BLACK,
MIKE DICKENSON,
CRAIG BYNUM,
KYLE MERRYMAN, and
LISA BRISTOL,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Joshua L. Chasteen, was detained in the Mesa County Detention Facility in Grand Junction, Colorado, at the time he initiated this action.[1]  He has filed, *pro se*, an Amended Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, asserting deprivations of his constitutional rights.  (ECF No. 8).  Mr. Chasteen has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      On September 16, 2014, Magistrate Judge Boyd N. Boland reviewed the Amended Complaint and determined that it was deficient for several enumerated reasons.  Magistrate Judge Boland directed Mr. Chasteen to file a Second Amended Complaint within thirty (30) days of the September 16 Order.  Plaintiff was advised that failure to comply would result in the dismissal of some or all of this action without further

---

[1]On October 22, 2014, the Mesa County Sheriff's Office advised the Court in a Letter  (ECF No. 14) that Mr. Chasteen was released for time served on October 19, 2014.

notice.  Mr. Chasteen did not file a Second Amended Complaint by the court-ordered deadline.  Accordingly, the Court reviews the sufficiency of the Amended Complaint (ECF No. 8) to determine if summary dismissal is warranted.  *See* D.C.COLO.LCivR 8.1(b) and (c).

Mr. Chasteen has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Chasteen is not represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Amended Complaint and this action will be dismissed.

The named Defendants in this action are employees of the Mesa County Criminal Justice Services Department (CJSD), Community Corrections, in Grand Junction.  Plaintiff makes the following allegations in the Amended Complaint: (1) "the corporation" has denied him approximately $600.00, to which he is entitled (ECF No. 8, at 4); (2) Defendant Black threatened to physically assault him (*id.*); (3) Defendants Black and Dickenson "would look under the stalls in the restroom while [he] was using the restroom" (*id.*); (4) the "Community Corrections Program" refused to allow his

2

mother to come and collect his personal property (*id.*); (5) Defendant Bristol, his case manager, failed to assign him a program matrix so that he could advance in the community corrections program and also failed to set up necessary counseling sessions for the Plaintiff, which resulted in Plaintiff's regression to jail (*id.* at 5); (6) "staff" have refused to provide him with grievance forms, in violation of his Fourteenth Amendment due process rights (*id.* at 6); (7) Defendant Merryman denied him medical care for his shoulder and threatened to punish him if he exercised his First Amendment free speech rights (*id.* at 8). Plaintiff further asserts an unspecified violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et seq.* (*Id.* at 9). Mr. Chasteen requests monetary relief.

## I. Applicability of *Heck*

Mr. Chasteen's claim for damages for an alleged denial of due process in his regression from community corrections to jail is barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996) (per curiam). A prisoner's claim challenging his regression from community corrections to jail is analogous to a claim challenging the revocation of parole or probation. Mr. Chasteen

3

does not allege that his removal from community corrections has been invalidated.

Accordingly, any claim for damages based on a wrongful regression is barred by *Heck.*

**II**. **§ 1983 Claims Against Defendants in their Official Capacities**

The Court liberally construes Plaintiff's allegations against "the corporation" and

the "Community Corrections Program" as referring to the Mesa County CJSD, an entity

of Mesa County, Colorado.[2]  Although Plaintiff has not named Mesa County as a

Defendant, any official capacity claims that he asserts against the individual

Defendants, who are employees of Mesa County, are construed as claims against Mesa

County.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against

government officials in their official capacities are construed against the governmental

entity).

Mr. Chasteen was warned by Magistrate Judge Boland in the September 16

Order that to hold a county liable under 42 U.S.C. § 1983, he must allege facts to show

that an unconstitutional policy or custom exists and that there is a direct causal link

between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489

U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d

1313, 1316-20 (10th Cir. 1998).  Counties are not liable under 42 U.S.C. § 1983 solely

because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of*

*Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774,

782 (10th Cir. 1993).  Plaintiff cannot state a claim for relief under § 1983 merely by

---

[2]*See* http://cjsd.mesacounty.us.  This Court may take judicial notice of the contents of a
government agency's website.  *See e.g.*, *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir.2005) (taking
judicial notice of Texas agency's website).

pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

 Mr. Chasteen does not allege specific facts to show a causal connection between a custom or policy of Mesa County and the alleged constitutional deprivations.

Furthermore, his allegations that Mesa County has denied him approximately $600.00, to which he is entitled (ECF No. 8, at 4), and that the County refused to allow his mother to come and collect his personal property, fail to state an arguable constitutional deprivation.  A *pro se* litigant's vague and conclusory allegations that his federal constitutional rights have been violated does not entitle him or her to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F.Supp. 1399, 1403 (D.Colo.1991), *aff'd*, 961 F.2d 916 (10th Cir.1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Chasteen's claim that $600 was withheld from him is conclusory and does not include any specific facts to show that he had a constitutionally-protected property interest in the money.  Further, his deprivation of property claim fails because Plaintiff has not alleged that the prison's grievance procedure or state court claims are inadequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 536 (1984).

Accordingly, Plaintiff's § 1983 claims against the Defendants, in their official capacities, will be dismissed.

**III. § 1983 Claims Against Defendants in their Personal Capacities**

Plaintiff's personal capacity claims against the individual Defendants are deficient

because Mr. Chasteen does not allege specific facts to show that each named Defendant participated in a deprivation of his constitutional rights.  Magistrate Judge Boland warned Plaintiff in the September 16 Order that to hold the Defendants individually liable under § 1983, he must allege facts to show that each Defendant personally participated in a deprivation of his constitutional rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Mr. Chasteen does not allege any facts to show that Defendant Bynum, who is alleged to be the CJSD Manager, was personally involved in the alleged constitutional violations.  Accordingly, Defendant Bynum is an improper party to this action and will be dismissed.

6

Plaintiff's allegations that Defendant Black threatened to physically assault him, and that Defendants Black and Dickenson "would look under the stalls in the restroom while [he] was using the restroom" (ECF No. 8, at 5), do not state an arguable claim for relief under § 1983.  Verbal threats, without more, do not violate the Constitution.  *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001)("being subjected to nothing more than threats and verbal taunts" does not violate the Constitution). *See also Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979) (per curiam) (holding that sheriff's laughing at inmate and threat to hang him were insufficient to state a constitutional violation); *Wingo v. Mullins*, No. 09-5174, 400 F. App'x 344, 347 (10th Cir. Oct. 28, 2010) (unpublished) (allegation that probation officer taunted plaintiff with a bullet and yelled at him did not state a constitutional violation).  And the constitutional right to privacy is not implicated when male officers view a male inmate while he uses the restroom.  *Cf. Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (recognizing that prisoners retain a limited constitutional right to bodily privacy, which is implicated when the prisoner is viewed using the toilet by a member of the opposite sex).  Nor do Plaintiff's allegations trigger Eighth Amendment concerns.  *See Farmer v. Brennan*, 511 U.S. 825, 828 (holding that a prison official's deliberate indifference to a substantial risk of serious harm to inmate health or safety violates the Eighth Amendment.).  Accordingly, the claims against Defendants Black and Dickenson will be dismissed because Plaintiff's allegations fail to demonstrate an arguable deprivation of his constitutional rights.

Mr. Chasteen's allegation that he was denied grievance forms is not actionable under § 1983 because there is no independent constitutional right to state administrative grievance procedures.  *See Boyd v. Werholtz*, No. 10-3284, 443 F. App'x

331, 332 (10th Cir. 2011 (unpublished) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)).  And the state's voluntary provision of an administrative grievance process does not create a liberty interest in that process. *See Bingham v. Thomas*, 654 F.3d 1171, 1177-78 (11th Cir.2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (per curiam) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest . . . ." (quotation and brackets omitted)).  Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam). Further, Mr. Chasteen has not alleged any "actual injury" or hindrance to "his efforts to pursue a legal claim."  *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996).

Finally, Plaintiff's allegations that Defendant Merryman denied him medical care for his shoulder and threatened to punish him if he exercised his First Amendment free speech rights will be dismissed as vague and conclusory.  *See Ketchum v. Cruz*, 775 F.Supp. at 1403; *Hall*, 935 F.2d at 1110.  *See also Robledo v. West*, No. 14-1067, 568 F. App'x 643, 644-45 (10th Cir. June 25, 2014) (unpublished) (affirming district court's dismissal of prisoner's § 1983 claims as legally frivolous where plaintiff offered only vague and conclusory allegations).

## IV.  ADA violation

Mr. Chasteen also makes a conclusory assertion that his ADA rights were

violated.  (ECF No. 8, at 9).  Construing his allegations liberally and together, the Court

finds that this claim is based, at least in part, on Defendant Bristol's alleged conduct in

denying him participation in mental health counseling sessions which were required as

part of his completion of the community corrections program.  (*Id.* at 5).  Nonetheless,

Plaintiff does not allege specific facts to show that he was denied the benefits of a

public entity's services or programs *because of* a disability.  As such, the ADA claim will

be dismissed summarily. *See Maynard v. Fallin*, No. 13-6239, 564 F. App'x 943, 949

(10th Cir. April 29, 2014) (unpublished) (affirming dismissal of Title II ADA claim under

28 U.S.C. § 1915A where plaintiff failed to set forth facts to state an arguable claim for

relief).  Accordingly, it is

ORDERED that the federal claims asserted in the Amended Complaint (ECF No.

8) are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).  To the

extent Mr. Chasteen asserts any state law claims, the Court declines to exercise

jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3).  It is

FURTHER ORDERED that this action is dismissed in its entirety. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

DENIED for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C.

§ 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See*

*Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Chasteen files a notice of

appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED October 27, 2014, at Denver, Colorado.

BY THE COURT:


      s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court